## Thomas O. H. P. Burnham *vs.* Lewis A. Roberts.

Rent due upon an indenture of lease cannot be recovered under a declaration for "the rent" of the premises, not alleging it to be due under a written instrument.

On a promise by a lessor to pay, towards repairs made by the lessee on the demised premises, a certain sum, to be retained by the lessee from the rent "as the same shall have been expended by him in such repairs; the lessee to exhibit bills as vouchers, satisfactory to the lessor;" the lessor is not liable for the amount of any bills for repairs, outstanding and unpaid.

Contract. The declaration alleged that the defendant owed the plaintiff $275 "for rent of chambers" in a certain building in Boston, "one month to November 1, 1868," and the defendant refused to pay the same. The answer denied each and every allegation of the declaration, and alleged that the defendant made repairs and improvements on the demised premises, the expense of which the plaintiff agreed might be deducted from the rent. The defendant also filed a declaration in set-off, for his expenses in repairs and improvements of the premises.

At the trial in the superior court, before *Reed, J.,* the plaintiff offered in evidence an indenture of lease between the parties,

and the defendant objected that it was not admissible under the declaration ; but the judge admitted it.

It appeared that, at the time of the execution of the lease, the plaintiff signed and gave to the defendant the following agreement under seal : " Boston, July 25, 1868. Whereas, I have this day executed a lease of premises numbered 143 Washington Street, in Boston, to Lewis A. Roberts, I do hereby agree with said Roberts that he may make repairs upon said premises during said term, and that I will pay towards such repairs the sum of $450 in the whole, he to retain that sum from the rent to grow due upon said lease from time to time, as the same shall have been expended by him in such repairs. The lessee to exhibit bills as vouchers, satisfactory to the lessor." The judge ruled that the defendant could only recover, in set-off, and have deducted from the amount of rent due at the date of the writ, such sums as had then been paid for repairs, and not the amount of any bills for such repairs then outstanding and unpaid.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. Nickerson*, for the defendant.

*H. D. Hyde*, for the plaintiff.

CHAPMAN, C. J. The indenture of lease under seal was not admissible in evidence to sustain the action, because it was not declared upon in conformity with the Gen. Sts. *c.* 129, § 2, *cl.* 9. See *Warren* v. *Ferdinand*, 9 Allen, 357. The exception to its admission must be sustained.

But the ruling as to the effect of the contract was correct. The requirement that the tenant should exhibit bills as vouchers, must be understood as requiring receipted bills. They would be useful to the lessor. Certainly they would be an important protection to him against mechanics' liens.

*Exceptions sustained.*